# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNION PACIFIC RAILROAD COMPANY,**
**a Delaware corporation,**

                              **Plaintiff,**

**v.**                                              **CIV-04-0376 LAM/KBM**

**ADRIAN CARL RODELLA, Temporary**
**Administrator of THE ESTATE OF**
**ANTHONY C. RODELLA,**

                              **Defendant.**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6), OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (*Doc. 18*)

**THIS MATTER** is before the Court on *Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim Under Rule 12(b)(6), or in the Alternative, Motion for Summary Judgment* (*Doc. 18*). Having considered the motion, Defendant's memorandum of law in support of the motion (*Doc. 19*), Plaintiffs' response in opposition to the motion (*Doc.* 22), Defendant's corrected reply to the response (*Doc. 36*), Defendant's supplemental memorandum of law in support of the motion (attached as Exhibit A to Defendant's Unopposed Motion for Leave to File Supplemental Memorandum of Law on the Issue of Whether a FELA Case can be Forced as a Compulsory Counterclaim (*Doc. 52*), relevant law, and the arguments of counsel at a hearing held on October 19, 2004, the Court **FINDS,** for the reasons set forth below, that the motion is not well-taken and should be **DENIED**.

## **Background**

This case arises out of a collision between two trains that occurred in New Mexico. The collision occurred when an east-bound train collided with a west-bound train. Both trains were operated by Plaintiff. Anthony Rodella was the engineer and Jeffrey Bohler was the conductor of the east-bound train. Both men were employees of Plaintiff and both were killed in the collision. Plaintiff alleges in its complaint that the east-bound train ignored two signals to slow down and then failed to stop at a third signal to allow the west-bound train to enter a siding and clear the track. Plaintiff alleges that the signal system was working properly at the time of the collision and that it displayed the correct signals to slow down and stop. Plaintiff alleges that marijuana and smoking paraphernalia were found on Mr. Rodella's remains and that Mr. Rodella's remains tested positive for marijuana.

After the collision, Plaintiff filed this action against the temporary administrator of Mr. Rodella's estate alleging that the collision was caused by the intentional, willful, reckless, wanton and illegal conduct of Mr. Rodella which caused him to ignore the signals and fail to slow down and stop the east-bound train. Plaintiff alleges that Mr. Rodella abandoned his duties as a railroad employee and was not acting in the scope of his employment at the time of the collision. Plaintiff's claims are New Mexico state law tort claims for property damage. Plaintiff seeks compensatory damages for property damage, clean-up costs and delays caused by the collision which it alleges are in the millions of dollars. Plaintiff also seeks punitive damages.[1]

---

[1]Defendant's original Answer (*Doc. 3*) to Plaintiff's Complaint (*Doc. 1*) did not assert a counterclaim. However, after this case was filed, the estate of Anthony Rodella and his survivors filed a separate, wrongful death action under FELA and other statutes against Plaintiff in Texas state court. *See* Exhibit B to Defendant's Memorandum of Law in Support of Defendant's Motion to

(continued...)

## Discussion

Because the Court can decide Defendant's motion without consideration of matters outside the pleadings, the Court will treat Defendant's motion as a motion to dismiss for failure to state a claim upon which relief can be granted and not as a motion for summary judgment.  A motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6) may be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling it to relief under its theory of recovery.  *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In considering a motion to dismiss, a court accepts as true all well-pleaded facts, draws all reasonable inferences in favor of the plaintiff and liberally construes the pleadings.  *Id.*  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of its claims.  *Id.*, citing  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Defendant's motion does not assert that Plaintiff's complaint fails to state claims for property damage that are legally cognizable under state tort law.  Nor does Defendant assert that Plaintiff's complaint fails to allege sufficient facts to support legally cognizable state law claims.  Instead, Defendant argues that Plaintiff's claims against him for property damage are barred by the Federal

---

[1](...continued)
Dismiss for Plaintiff's Failure to State a Claim Under Rule 12(b)(6), or in the Alternative, Motion for Summary Judgment (*Doc. 18*).  Subsequently, with the consent of Plaintiff and leave of the Court, Defendant filed an amended answer in this case asserting a counterclaim against Plaintiff under FELA and other statutes. *See* Defendant's Amended Answer and Counterclaim to Plaintiff's Complaint for Property Damages Arising from Illegal Conduct (*Doc. 79*).  Because the issue of whether Defendant's FELA claim is a compulsory counterclaim in this case is not before the Court on Defendant's motion, the Court will not decide that issue.

Employers' Liability Act (hereinafter, "FELA"), 45 U.S.C. § 51, *et. seq.* (1994). FELA is a federal law which provides an exclusive remedy for railroad workers who are killed or injured as the result of their employer's negligence. Thus, this case presents the issue of whether FELA abrogated the common law rule that permits an employer to sue its employee for damage to the employer's property. The Court concludes that it did not.

Defendant argues that Plaintiff's property damage claims are barred by FELA and should be dismissed. This argument is based on the contention that Congress implicitly rescinded an employer's common law right to sue its employees for property damage when it enacted FELA.[2] Specifically, Defendant argues that Plaintiff's claims are barred by Section 5 of FELA which declares void "*[a]ny . . . device whatsoever*, the purpose of which or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter,"[3] and by Section 10 of FELA which declares void "*[a]ny . . . device whatsoever* the purpose, intent, or *effect* of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee."[4] Defendant also contends that allowing railroads to sue their employees for property damage is contrary to the legislative intent of FELA.

---

[2]New Mexico, where the collision involved in this case occurred, recognizes the general rule that an employer may bring an action for negligence against its employee for damage caused by the employee's failure to exercise reasonable care and diligence. *See Daddow v. Carlsbad Municipal School District*, 898 P.2d 1235, 1245 (1995), *cert. denied*, 516 U.S. 1067 (1996).

[3]45 U.S.C. § 55 (emphasis added).

[4]45 U.S.C. § 60 (emphasis added).

Although there is some support for Plaintiff's position in the case law,[5] the three federal circuit courts of appeal that have addressed this issue have held to the contrary.[6]  In each of these cases, the court held that FELA did not abrogate a railroad employer's right to sue its employee on a counterclaim for damage to the railroad's property.  Additionally, a number of federal district courts that have considered this issue have reached the same conclusion.[7]

This Court is persuaded by the analysis in *Cavanaugh v. Western Maryland Railway Co.*, 729 F.2d 289 (4th Cir. 1984), *cert. denied*, 469 U.S. 872 (1984).  In *Cavanaugh*, the Fourth Circuit considered the statutory language and legislative history of FELA, and also the policy rationale for FELA.  After doing so, the court held that FELA did not rescind a railroad employer's common law right to sue negligent employees for property damage.  The Court concluded that to deny a railroad employer the right to sue an employee for property damage would give the employee "absolute immunity for any liability for his negligence both in this action and in any other action begun after the judgment in the present action."  *Cavanaugh*, 729 F.2d at 291.  Accordingly, this Court finds that Plaintiff's property damage claims are not precluded or preempted by FELA and Defendant's motion should be denied.

---

[5]*See, e.g., Stack v. Chicago, M., St. P. and P. R. Co.*, 615 P.2d 457 (Wash. 1980) (holding that FELA's prohibition of "any device whatsoever" in 45 U.S.C. §§ 55 and 60 bars a railroad's counterclaim for property damage against a railroad employee in a FELA case); *Yoch v. Burlington N. R. Co.*, 608 F. Supp. 597 (D. Colo. 1985) (same).  *See also Cavanaugh v. Western Md. R., Co.*, 729 F.2d 289 (4th Cir. 1984) (Hall, J., dissenting), *cert. denied*, 469 U.S. 872 (1984).

[6]*See Nordgren v. Burlington Northern Railroad Co.*, 101 F.3d 1246, 1250-1253 (8th Cir. 1996); *Sprague v. Boston and Maine Corp.*, 769 F.2d 26, 28-29 (1st Cir. 1985); *Cavanaugh v. Western Md. R. Co.*, 729 F.2d 289, 290-294 (4th Cir. 1984), *cert. denied*, 469 U.S. 872 (1984).

[7]*See, e.g., Cook v. St. Louis-San Francisco R. Co.*, 75 F.R.D. 619, 620-621 (W.D. Okla. 1976), where the court granted the defendant railroad leave to assert a counterclaim for property damage against its employee in a FELA action.

The Court does not find the *Nordgren, Sprague* and *Cavanaugh* decisions distinguishable from this case because they each involved property damage claims that were asserted by railroad employers as counterclaims to FELA claims, while this case involves an independent action by a railroad for property damage.  Plaintiff's property damage claims are separate claims and can be asserted as stand-alone claims, and Plaintiff's right to bring its property damage claims is not dependent upon a worker or his estate filing a FELA claim.  To hold otherwise would deny a railroad the right to file a property damage claim against its employee if the employee fails to file a FELA claim.  The Fourth Circuit suggested this was not the case in *Cavanaugh* when it noted the following with regard to an employer's common law right of action against an employee for property damage:

> Moreover, this right of action in favor of the employer or master may be asserted *either in an independent action by the employer against the offending employee or by a counterclaim filed by the employer in the employee's action to recover for injuries sustained by him in the same occurrence.*

*Cavanaugh*, 729 F.2d at 291 (emphasis added).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim Under Rule 12(b)(6), or in the Alternative, Motion for Summary Judgment (*Doc. 18*) is **DENIED**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**
**Presiding by Consent**