IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNION PACIFIC RAILROAD COMPANY,
a Delaware corporation,

                Plaintiff,

v.                                        CIV-04-0376 LAM/KBM

ADRIAN CARL RODELLA, Temporary
Administrator of THE ESTATE OF
ANTHONY C. RODELLA,

                Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE *(DOC. 17)* AND DENYING DEFENDANT'S MOTION TO DISMISS BASED ON *FORUM NON CONVENIENS (DOC. 15)*

**THIS MATTER** is before the Court on *Defendant's Motion to Dismiss for Improper Venue* (Doc. 17) and on *Defendant's Motion to Dismiss Based on Forum Non Conveniens* (Doc. 15). Having considered the motions, Defendant's memorandum of law in support of the motion to dismiss based on *forum non conveniens* (Doc. 16),[1] Plaintiff's response in opposition to the motions (Doc. 21), Defendant's reply to the response (Doc. 26), relevant law, and the arguments of counsel at a hearing held on October 19, 2004, the Court **FINDS** for the reasons set forth below that the motions are not well-taken and should be **DENIED**.

---

[1] Defendant did not file a memorandum of law in support of his motion to dismiss for improper venue.

## Background

This case arises out of a collision between two trains that occurred in New Mexico. The collision occurred when an east-bound train collided with a west-bound train. Both trains were operated by Plaintiff. Anthony Rodella was the engineer of the east-bound train. Mr. Rodella was an employee of Plaintiff and was killed. Defendant is the temporary administrator of Mr. Rodella's estate. He was appointed in a probate proceeding filed in the Probate Court of El Paso County, Texas, shortly after the collision.[2]

After the collision, Plaintiff filed this action against Defendant alleging that the collision was caused by the intentional, willful, reckless, wanton and illegal conduct of Mr. Rodella which caused him to ignore various signals and fail to slow down and stop the east-bound train. Plaintiff alleges that Mr. Rodella abandoned his duties as a railroad employee and was not acting in the scope of his employment at the time of the collision. Plaintiff's claims are New Mexico state law tort claims for property damage. Plaintiff seeks compensatory damages for property damage, clean-up costs and delays caused by the collision which it alleges are in the millions of dollars. Plaintiff also seeks punitive damages.

After this case was filed, the estate of Anthony Rodella and his survivors filed a separate, wrongful death action against Plaintiff in state court in El Paso County, Texas, under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et. seq.* (1994) (hereinafter, "FELA"), and other statutes.[3]

---

[2] *See* Exhibit A to Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss Based on *Forum Non Conveniens* (*Doc. 16*).

[3] *See* Exhibit B to Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss Based on *Forum Non Conveniens* (*Doc. 16*).

2

## Defendant's Motion to Dismiss for Improper Venue (*Doc. 17*)

Defendant contends that this case should be dismissed for improper venue because the Rodella FELA case filed in state court in Texas is not removable to any federal district court pursuant to 28 U.S.C. § 1445(a). This statute prohibits the removal to federal court of any state court action against a railroad arising under the FELA. Defendant contends that by maintaining this action in federal court, Plaintiff is attempting to force Defendant to bring his FELA claim as a counterclaim against Plaintiff in this case contrary to 28 U.S.C. § 1445(a) by making that claim a compulsory counterclaim. Defendant also asserts that venue in this Court is improper because the Rodella FELA case filed in state court in Texas arose from the same occurrence and involves common questions of fact and law as the instant case. Defendant cites no authority in support of his motion other than 28 U.S.C. § 1445(a). Defendant argues that Plaintiff's property damage claims should be dismissed so they can be re-filed as counterclaims in the Rodella FELA case pending in the Texas state court.

Venue in the federal district courts is governed generally by 28 U.S.C. § 1391. In this case, the Court finds that venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2) which confers venue in a diversity action where "a substantial part of the events or omissions giving rise to the claim occurred." This case is a diversity action with jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Additionally, the central event in this case is the collision between two trains, and it is undisputed that the collision and ensuing events occurred in New Mexico. *See Initial Pretrial Report*, at 1 (*Doc. 13*). Defendant's argument that 28 U.S.C. § 1445(a) implicitly limits venue for Plaintiff's property damage claims to the state court in Texas where Defendant chose to file his FELA case is unpersuasive. There is no support for this in the language

3

of the statute and Defendant has provided no case law in support of this argument. Additionally, the fact that this case and the FELA case filed in Texas involve common issues of law and fact does not make venue improper in this district. Accordingly, the Court finds that venue for Plaintiff's property damage claims is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in New Mexico.[4]

### Defendant's Motion to Dismiss Based on *Forum Non Conveniens* (*Doc. 15*)

Defendant asserts that this case should be dismissed based on *forum non conveniens* because the state court in Texas where the Rodella FELA case is pending has jurisdiction to hear Plaintiff's property damage claims and is a more convenient forum to resolve those claims. Defendant cites *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), and contends that the Texas state court is an adequate, alternative forum and the balance of private and public factors outlined in *Gulf Oil Corp.* favor dismissal of this case based on *forum non conveniens*. In support of his argument, Defendant points out that Anthony Rodella lived in El Paso, his probate proceeding is pending there, his estate's FELA case is pending there, and many of the witnesses in this case live in El Paso. Additionally, although not a factor in *Gulf Oil Corp.*, Defendant argues for dismissal based on *forum non conveniens* because by filing this case he asserts that Plaintiff is attempting to force him to bring his FELA claim as a counterclaim in this case contrary to 28 U.S.C. § 1445(a).[5] Defendant argues that

---

[4]In its ruling on a related issue in connection with Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim Under Rule 12(b)(6), or in the Alternative, Motion for Summary Judgment (*Doc. 18*), the Court held that Plaintiff's property damage claims are separate claims that can be asserted in this action independent of Defendant's FELA claim.

[5]As noted above, 28 U.S.C. § 1445(a) prohibits the removal to federal court of any state court action against a railroad arising under the FELA.

4

Plaintiff's property damage claims should be dismissed based on *forum non conveniens* so they can be re-filed as counterclaims in the Rodella FELA case pending in the Texas state court.

Defendant's arguments do not rely on the federal venue transfer statute, 28 U.S.C. § 1404(a), which was adopted by Congress after the Supreme Court's decision in *Gulf Oil Corp.* This statute provides for the transfer of any federal civil action to any other federal district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." As a result, the federal doctrine of *forum non conveniens* has been held by the Supreme Court to be limited in its application in the federal courts to "cases where the alternative forum is abroad." *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994). However, Defendant has not filed a motion to transfer this case to another federal district court in Texas pursuant 28 U.S.C. § 1404(a). Instead, Defendant relies on the doctrine of *forum non conveniens* to argue that this case should be dismissed so it can be re-filed in the Texas state court in El Paso. *Forum non conveniens* remains applicable in cases like this one where the alternative forum proposed by Defendant is a state court. *See* 5B Wright and Miller, *Federal Practice and Procedure* § 1352, at 328 (3d ed. 2004).

Applying the doctrine of *forum non conveniens* to this case, the Court finds that the circumstances of this case do not warrant dismissal so the case can be re-filed in state court in El Paso. The doctrine of *forum non conveniens* has traditionally been applied by the federal courts when

> . . . an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems . . . .

*American Dredging Co. v. Miller*, 510 U.S. at 447-448 (internal quotations and citations omitted). These circumstances are not present in this case.

The most important factor weighing against Defendant's motion is the strong nexus between Plaintiff's property damage claims and the State of New Mexico. The train collision which gave rise to Plaintiff's claims occurred in New Mexico, the investigations of the collision commenced in New Mexico, and many of the witnesses, including many of the first responders to the collision scene, are from New Mexico. Also, Plaintiff's property damage claims and remedies are governed by New Mexico law. Although Anthony Rodella lived in El Paso, and his probate and FELA cases were filed there, Mr. Rodella worked in New Mexico and was working for Plaintiff in New Mexico on the date of the collision. Moreover, Defendant has failed to demonstrate that the litigation of this case in New Mexico will unduly inconvenience Defendant, the Texas witnesses in the case or any expert witness. Defendant resides in Arkansas and he would have to travel to New Mexico or El Paso, Texas, to participate in this case. Many of the Texas witnesses are from El Paso, which is only forty-five miles from Las Cruces, New Mexico, where the case will be tried. The expert witnesses in this case are from across the country and many will have to travel to the southwest for trial, regardless of whether the case is litigated in New Mexico or Texas. No showing has been made that any evidence or witnesses will be unavailable, or that costs will be excessive, if this case is litigated in New Mexico.      Finally, the Court finds no merit to Defendant's argument that this case should be dismissed based on *forum non conveniens* because Plaintiff is attempting to force Defendant's FELA claim into this forum. As noted above, the Court has ruled that Plaintiff's property damage claims are separate claims that can be asserted in this case independent of Defendant's FELA claim. Additionally, the Court has made no determination as to whether Defendant's FELA claim is a

compulsory counterclaim in this case.[6] Accordingly, the Court finds that the circumstances of this case do not warrant the dismissal of Plaintiff's property damage claims based on the doctrine of *forum non conveniens*.

**IT IS THEREFORE ORDERED** that *Defendant's Motion to Dismiss for Improper Venue (Doc. 17)* and *Defendant's Motion to Dismiss Based on Forum Non Conveniens (Doc. 15)* are **DENIED**.

**IT IS SO ORDERED.**

**LOURDES A. MARTÍNEZ**
United States Magistrate Judge
Presiding by Consent

---

[6] *See* Memorandum Opinion and Order Denying Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim Under Rule 12(b)(6), or in the Alternative, Motion for Summary Judgment (*Doc. 110*), filed on December 20, 2004.

7