# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNION PACIFIC RAILROAD COMPANY,**
**a Delaware corporation,**

               **Plaintiff,**

**v.**                             **CIV-04-0376 LAM/KBM**

**ADRIAN CARL RODELLA, Temporary**
**Administrator of THE ESTATE OF**
**ANTHONY C. RODELLA,**

               **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR ABSTENTION (*DOC. 47*)

       **THIS MATTER** is before the Court on ***Defendant's Motion for Abstention*** (*Doc. 47*).

Having considered the motion, Defendant's memorandum of law in support of the motion (*Doc. 48*),

Plaintiffs' response in opposition to the motion (*Doc.* 56), Defendant's reply to the response

(*Doc. 64*), Defendant's supplemental memorandum of law in support of the motion (attached as

Exhibit A to Defendant's Unopposed Motion for Leave to File Supplemental Memorandum of Law

on the Issue of Whether a FELA Case can be Forced as a Compulsory Counterclaim (*Doc. 52*)),

relevant law, and the arguments of counsel at a hearing held on October 19, 2004, the Court **FINDS,**

for the reasons set forth below,  that the motion is not well-taken and should be **DENIED**.

## Background

       This case arises out of a collision between two trains that occurred in New Mexico.  The

collision occurred when an east-bound train collided with a west-bound train.  Both trains were

operated by Plaintiff.  Anthony Rodella was the engineer and Jeffrey Bohler was the conductor of the

east-bound train.   Both men were employees of Plaintiff and both were killed in the collision.

Plaintiff alleges in its complaint that the east-bound train ignored two signals to slow down and then failed to stop at a third signal to allow the west-bound train to enter a siding and clear the track. Plaintiff alleges that the signal system was working properly at the time of the collision and that it displayed the correct signals to slow down and stop.  Plaintiff alleges that marijuana and smoking paraphernalia were found on Mr. Rodella's remains and that Mr. Rodella's remains tested positive for marijuana.

After the collision, Plaintiff filed this action against the temporary administrator of Anthony Rodella's estate alleging that the collision was caused by the intentional, willful, reckless, wanton and illegal conduct of Mr. Rodella which caused him to ignore the signals and fail to slow down and stop the east-bound train.  Plaintiff alleges that Mr. Rodella abandoned his duties as a railroad employee and was not acting in the scope of his employment at the time of the collision.  Plaintiff's claims are New Mexico state law tort claims for property damage.  Plaintiff seeks compensatory damages for property damage, clean-up costs and delays caused by the collision which it alleges are in the millions of dollars.  Plaintiff also seeks punitive damages.

Defendant is the temporary administrator of Anthony Rodella's estate.  He was appointed temporary administrator in a probate proceeding filed in the Probate Court of El Paso County, Texas, shortly after the collision.[1]  After this case was filed, the estate of Anthony Rodella and his survivors filed a separate, wrongful death action against Plaintiff in state court in El Paso County, Texas, under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* (1994) (hereinafter, "FELA"), and other

---

[1]*See*  Exhibit B to Memorandum of Law in Support of Defendant's Motion for Abstention (*Doc. 48*).

statutes.[2]  The estate and survivors of conductor Jeffrey Bohler also filed a wrongful death action against Plaintiff in state court in El Paso County, Texas, under the FELA.  In the Bohler FELA case, Plaintiff filed a counterclaim for property damage and Defendant filed a motion to join the case as a plaintiff.[3]

### Discussion

Defendant's motion asks the Court to stay this case or, in the alternative, to dismiss this case without prejudice, on the ground that the Rodella probate proceeding and the Rodella and Bohler FELA cases filed in the Texas state courts are parallel proceedings involving the same material facts. Defendant asserts that abstention is warranted because the criteria for abstention set forth in *Colorado River Water Conservation District, et al. v. United States*, 424 U.S. 800 (1976), are met. Defendant also asserts that this lawsuit is an unlawful attempt to circumvent Defendant's right to choose a state or federal forum for his FELA claim and, therefore, the Court should abstain from this case.

The *Colorado River* abstention doctrine applies when deciding whether to stay or dismiss a federal lawsuit pending resolution of a parallel state court proceeding.  *See Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  State and federal court proceedings are parallel if they involve substantially the same parties litigating substantially the same issues in different forums. *Allen v. Board of Education, Unified School District 436*, 68 F.3d 401, 403 (10th Cir. 1995), citing *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994).  *Colorado River* abstention is more narrowly

---

[2]*See* Exhibit A to Memorandum of Law in Support of Defendant's Motion for Abstention (*Doc. 48*).

[3]*See* Exhibit C to Memorandum of Law in Support of Defendant's Motion for Abstention (*Doc. 48*).

3

applied than other abstention doctrines and requires exceptional circumstances. *See Rienhardt v. Kelly*, 164 F.3d at 1303. "[T]he task is to ascertain whether there exist *exceptional circumstances, the clearest of justifications*, that can suffice under *Colorado River* to justify the surrender of the jurisdiction." *Id.*, quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25-26 (1983) (internal quotation marks omitted) (alteration in original). The factors to consider in determining the applicability of the *Colorado River* doctrine, as expanded upon in *Moses H. Cone Memorial Hospital*, 460 U.S. at 19-26, are: (1) whether federal law provides the basis for decision on the merits; (2) whether either court has assumed jurisdiction over any res or property; (3) whether the federal forum is less convenient to the parties; (4) the avoidance of piecemeal litigation; (5) the order in which jurisdiction was obtained and the relative progress of the federal and state cases; and (6) the adequacy of the state court action to protect the federal plaintiff's rights. No one factor is determinative and "[o]nly the clearest of justifications will warrant dismissal." *Moses H. Cone Memorial Hospital*, 460 U.S. at 15-16, quoting *Colorado River Water Conservation District, et al.*, 424 U.S. at 818-819 (internal quotation marks omitted).

In this case, Defendant has failed to convince the Court that the Rodella probate proceeding, the Bohler FELA case and this case are parallel proceedings. These cases do not involve substantially the same parties or substantially the same issues. Defendant makes a stronger argument that the Rodella FELA case and this case are parallel proceedings, although this is questionable because these cases involve different claims. The Rodella FELA case and this case involve substantially the same parties and many of the same issues. For example, the factual circumstances of the train collision will be litigated in both cases, and in both cases there are allegations of tortious conduct by Plaintiff and Anthony Rodella related to the collision. However, even if the Rodella FELA case and this case are

4

considered parallel proceedings, that fact, alone, does not justify abstention.  *See Moses H. Cone Memorial Hospital*, 460 U.S. at 15 ("the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction"), quoting *Colorado River Water Conservation District, et al.*, 424 U.S. at 817 (internal quotation marks omitted).

Applying the *Colorado River* doctrine factors to an analysis of this case and the Rodella FELA case, the Court does not find the existence of exceptional circumstances warranting abstention. Although Plaintiff's property damage claims in this case are state law claims, there are issues of federal law related to Defendant's defenses to those claims.  The parties agree there is no res or property at issue in either the federal case or the state case.  The federal forum is neither any more, nor any less, convenient to Defendant who lives in Arkansas, or to Plaintiff which does business in both New Mexico and Texas.  There will be piecemeal litigation regardless of whether this Court abstains because the Rodella FELA case, the Bohler FELA case and the Rodella probate proceeding are all separate proceeding in state courts in Texas.  The Rodella FELA case was filed after this case was filed, and this case is well-advanced toward trial compared to the Rodella FELA case.  The Rodella FELA case will not be adequate to protect Plaintiff's rights unless Plaintiff asserts its property damage claims as counterclaims in the Rodella FELA case.  Considering these factors together, the Court finds that abstention is not warranted under the *Colorado River* doctrine.  Finally, the Court finds no merit to Defendant's argument that this lawsuit is an unlawful attempt to circumvent Defendant's right to chose a state or federal forum for his FELA claim.  The Court has already held, in connection with another motion filed by Defendant in this case, that Plaintiff's property damage

claims are separate claims that can be asserted in this action.[4]  Accordingly, Defendant's motion will

be denied.

**IT IS THEREFORE ORDERED** that ***Defendant's Motion for Abstention*** (*Doc. 47*) is

**DENIED**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**
**Presiding by Consent**

---

[4]*See* Memorandum Opinion and Order Denying Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim Under Rule 12(b)(6), or in the Alternative, Motion for Summary Judgment (*Doc. 110*), filed on December 20, 2004.